```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRAPHIC STYLES/                    :
STYLES INTERNATIONAL LLC           :
                                   :    CIVIL ACTION
                                   :
                     Plaintiff,    :    NO. 17-02713
                                   :
    v.                             :
                                   :
VINNIE'S INTERNATIONAL HONG KONG   :
CUSTOM TAILORS                     :
                                   :
                     Defendant.    :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                **JANUARY 24, 2018**

Before the Court is Plaintiff Graphic Styles/Styles International LLC's Motion for Leave to Effect Service by Alternative Means (Doc. No. 4). For the reasons outlined herein, the Court hereby GRANTS IN PART Plaintiff's Motion.

I.   BACKGROUND

Plaintiff Graphic Styles/Styles International LLC ("Graphic Styles") filed a copyright infringement action under 17 U.S.C. §§ 501, *et seq.*, against Vinnie's International Hong Kong Custom Tailor ("Vinnie's International"). Graphic Styles claims that Vinnie's International reproduced and displayed on its website images from Graphic Styles' copyrighted stylebooks. Compl. ¶¶ 1, 2 (Doc. No. 2)

1

According to the Complaint and present Motion, Vinnie's International is located in Kowloon, Hong Kong. Id. ¶ 4; Pl. Mem. at 1 (Doc. No. 4-1). Graphic Styles twice attempted to serve Vinnie's International through Hong Kong's Central Authority, once at TST P.O. Box 90303, Kowloon, Hong Kong, and once at Beverley Commercial Centre, 87-105 Chatham Road TST KL, Kowloon, Hong Kong. Pl. Mem. at 1-2; Mot. Ex. A (Doc. No. 4-3); Mot. Ex. B (Doc. No. 4-4). According to Graphic Styles, both of these addresses were listed on Vinnie's International's website. Pl. Mot. at 2. Hong Kong's Central Authority notified Graphic Styles that service on Vinnie's International was unavailable at either address. Id.; Mot. Ex. A; Mot. Ex. B.

Graphic Styles now seeks the Court's leave to permit Graphic Styles to serve Vinnie's International via international certified mail return receipt requested as an alternative means of service under Fed. R. Civ. P. 4(f)(3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs the service of process when attempting to serve an individual in a foreign country. Fed. R. Civ. P. 4(f). The Rule provides for service as follows:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:

>    (1) by an internationally agreed means of service that
>    is reasonably calculated to give notice, such as those
>    authorized by the Hague Convention on the Service
>    Abroad of Judicial and Extrajudicial Documents;
>
>    (2) if there is no internationally agreed means, or if
>    an international agreement allows but does not specify
>    other means, by a method that is reasonably calculated
>    to give notice:
>
>       (A) as prescribed by the foreign country's law for
>       service in that country in an action in its courts
>       of general jurisdiction;
>
>       (B) as the foreign authority directs in response
>       to a letter rogatory or letter of request; or
>
>       (C) unless prohibited by the foreign country's
>       law, by:
>            (I) delivering a copy of the summons and of
>            the complaint to the individual personally;
>
>            (ii) using any form of mail that the clerk
>            addresses and sends to the individual and
>            that requires a signed receipt; or
>
>    (3) by other means not prohibited by international
>    agreement, as the court orders.

Id. When service is being attempted on a foreign corporation, partnership, or association, Rule 4(h) provides that service may be completed in any manner prescribed by Rule 4(f), except for personal delivery under Rule(f)(2)(C)(I). Fed. R. Civ. P. 4(h)(2).

Service under Rule(f)(3) is "'neither a last resort nor extraordinary relief.'" Knit With v. Knitting Fever, Inc., No. 08-cv-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by

3

international agreement." Id. (internal quotation omitted).

The decision of whether to grant leave for alternative service of process under Rule 4(f)(3) is within the discretion of the district court. Id. The district court may require the moving party to show that it has attempted other means of service and that the court's intervention is necessary. Id.

In granting leave for alternative means of service, the district court must confirm that the alternative means of service complies with constitutional notions of due process. Id. at *4 (quoting Marlabs Inc. v. Jakher, No. 07-cv-4074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010)). This requires that the method of service provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

## III. DISCUSSION

Graphic Styles seeks the Court's leave under Rule 4(f)(3) to serve Vinnie's International via international certified mail return receipt requested.

First, we are satisfied that this Court's intervention is required. Vinnie's International is a defendant located in Hong Kong, which is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague

Convention"). Pursuant to Rule 4(f)(1), which incorporates the methods of service authorized under the Hague Convention, Graphic Styles has twice attempted to effect service via Hong Kong's Central Authority. These attempts to serve Vinnie's International though Hong Kong's Central Authority have been unsuccessful, and we therefore find that this Court's intervention is necessary.

Second, we find that Hong Kong does not prohibit service of process through certified mail return receipt requested. <u>Willis v. Magic Power Co., Ltd.</u>, No. 10-cv-4275, 2011 WL 66017, at *3 (E.D. Pa. Jan. 1, 2011) ("Neither the People's Republic of China nor Hong Kong have objected under the Hague Service Convention to service of process by mail in Hong Kong.").

Lastly, we must determine whether the certified international mail return receipt requested comports with constitutional notions of due process. Graphic Styles provides two addresses that were listed on Vinnie's International's website. The first address is a PO box and the second address, according to Hong Kong's Central Authority, is incomplete. Mot. Ex. A; Mot. Ex. B. While international certified mail return receipt requested to Vinnie's International's PO box may in fact notify Vinnie's International of the lawsuit, we believe more must be done to satisfy constitutional notions of due process. We find that, in addition to international certified mail return

receipt requested to Vinnie's International's PO box, Graphic Styles must attempt service upon the primary email account maintained by Vinnie's International. By attempting service via email and international certified mail return receipt requested, we believe Graphic Styles will provide sufficient notice that is reasonably calculated to apprise Vinnie's International of the pendency of this action and afford it an opportunity to present its objections.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART Graphic Styles' Motion for Leave to Effect Service by Alternative Means. An appropriate order will follow.